UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

HOTEL AND GAMING TRADES COUNCIL,
AFL-CIO,

                        Petitioner,

      -against-

ST. GILES HOTEL LLC, ABGNY 432613 LLC /
TUSCANY LEGACY LEASING LLC,

                    Respondents.

------------------------------------------------------------- x

**ORDER GRANTING MOTION
TO CONFIRM LABOR
ARBITRATION AWARD**

25 Civ. 8628 (AKH)

**ALVIN K. HELLERSTEIN, U.S.D.J.:**

      Petitioner Hotel and Gaming Trades Council, AFL-CIO ("Union" or "Petitioner")

filed a petition to confirm a labor arbitration award ("Petition") pursuant to Section 301 of the

Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. The award

was rendered pursuant to a collective bargaining agreement (the "CBA") involving the Union and

Respondents St. Giles Hotel LLC ("Owner") and ABGNY 432613 LLC/Tuscany Legacy Leasing

LLC ("Lessor") (collectively, "Respondents"). The Respondents have not opposed the Petition.

For the reasons explained below, the Petitioner's Petition to confirm their arbitration award is

GRANTED.

## FACTS

      The following uncontested facts are taken from the Petition and its supporting

documents. The Union is a labor organization representing nearly 40,000 workers in the hotel,

hospitality, and gaming industries in New York State and Northern New Jersey. Verified Pet. ¶ 5.

Respondent St. Giles Hotel LLC is the owner of the Tuscany by LuxUrban Hotel, located at 120

East 39th Street, New York, New York. Verified Pet. ¶ 6. Respondent ABGNY 432613

LLC/Tuscany Legacy Leasing LLC is the net lessee of the Hotel. Verified Pet. ¶ 7. At all relevant times, Respondents have been an "employer" within the meaning of the Labor Management Relations Act ("LMRA"). Verified Pet. ¶ 8.

The Union negotiated basic terms and conditions of employment with an employer bargaining group organized through the Hotel Association of New York City, Inc. under which collective bargaining agreements were agreed to between the industry and Union, known as the Industry Wide Agreement ("IWA"). Verified Pet. ¶ 9. The IWA contains the broadest possible arbitration clause. Verified Pet. ¶ 10. The Respondents each agreed to be bound by the terms of the IWA through a series of agreements.

In October 2022, Respondents executed an assumption agreement (the "2022 Assumption Agreement") expressly adopting and binding themselves to all terms of the IWA. (Verified Pet. ¶11; Ex. C). Around the same time, Respondents also executed a separate assumption agreement with LuxUrban Hotels, Inc. f/k/a CorpHousing Group, Inc. ("LuxUrban"), the Hotel's sub-lessee (the "LuxUrban Assumption Agreement"), under which Respondents and LuxUrban agreed to be bound by all IWA terms. Verified Pet. ¶ 12; Ex. D.

On July 10, 2024, the Union demanded arbitration against Respondents and LuxUrban for, among other things, LuxUrban's failure to make benefit fund and 401(k) contributions and other contractual and statutory violations. Verified Pet. ¶ 13; Ex. E. A hearing was scheduled for April 28, 2025 with the Office of the Impartial Chairperson ("OIC"), and Respondents were duly noticed and properly served. Verified Pet. ¶ 14; Ex. F. Respondents failed to appear at the hearing. Verified Pet. ¶ 14.

Impartial Chairperson Aaron Shriftman opened and oversaw the hearing, receiving evidence from the Union. Verified Pet. ¶ 15. The Union presented, among other things, the

2

assumption agreements and a prior award, Award #2024-36R, in which Impartial Chairperson Shriftman had found LuxUrban in violation of an earlier award and ordered LuxUrban to pay outstanding wages, a 115% penalty, and to post a bond with the OIC. Verified Pet. ¶¶ 15–16; Ex. G. The Union also presented evidence that LuxUrban had failed to timely pay wages for the week ending April 18, 2025, in the amount of $81,933.15. Verified Pet. ¶17; Ex. H. The Union also presented evidence that LuxUrban had failed to provide and maintain uniforms for Hotel employees, as found by Impartial Chairperson Lowitt in Awards #2024-102 and #2025-04, resulting in $134,089.99 in damages to employees. Verified Pet. ¶18; Exs. I–K. Additionally, the Union demonstrated that LuxUrban owed $953,561.43 to the benefit Funds for the period from October 2024 through March 2025. Verified Pet. ¶19; Ex. L.

On May 9, 2025, Impartial Chairperson Shriftman issued Award #2025-50, based on LuxUrban's prior failure to comply with Award #2024-36R and other evidence that established Respondents' liability under the IWA and the assumption agreements. Verified Pet. ¶ 20. The Impartial Chairperson directed Respondents to: (1) post a bond in the amount of $866,946.60 with the OIC; (2) pay $81,933.15 to Hotel employees, representing a 115% penalty for failure to timely pay weekly wages; (3) pay $953,561.43 to the Funds for unpaid principal, liquidated damages, accrued interest, late fees, arbitration fees, and attorney's fees; and (4) pay $134,089.99 in damages to Hotel employees for failure to provide and maintain uniforms. Verified Pet. ¶¶ 20–21; Ex. A.

The Award was duly delivered to Respondents. Verified Pet. ¶22. Respondents have failed to comply with the Award, except that the St. Giles paid the $953,561.43 owed to the Funds pursuant to a separate agreement. Verified Pet. ¶23. Respondents have not appeared in this action and have not opposed the Petition.

3

## LEGAL STANDARD

Section 301 of the LMRA grants federal courts jurisdiction over petitions brought to confirm labor arbitration awards. *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel,* 145 F.3d 85, 88 (2d Cir. 1998). District courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.,* 484 U.S. 29, 36 (1987); *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n,* 820 F.3d 527, 536 (2d Cir. 2016). Instead, "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.,* 143 F.3d 704, 713 (2d Cir. 1998) (quoting Misco, 484 U.S. at 38). Therefore, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. *United States Steel & Carnegie Pension Fund v. Dickinson,* 753 F.2d 250, 252 (2d Cir. 1985).

Respondents have failed to respond, and the Petition is unopposed. An unopposed petition to confirm a labor arbitration award "is generally accompanied by a record ... [and] the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 109 (2d Cir. 2006). "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

## DISCUSSION

Applying the foregoing standard, the Court concludes that the Award must be confirmed. The Award plainly draws its essence from the IWA, the 2022 Assumption Agreement,

4

and the LuxUrban Assumption Agreement. The Impartial Chairperson's determinations were grounded in the contractual provisions governing the parties' obligations and in substantial evidence, including prior arbitration awards, and there are no disputes of fact that preclude judgment.

The IWA, the 2022 Assumption Agreement, and the LuxUrban Assumption Agreement create a binding requirement to adhere to arbitration. Under the IWA's broad arbitration clause, all claims were properly before the OIC. Further, the Impartial Chairperson's findings were reasonable applications of the governing agreements and were within the Impartial Chairperson's authority. *See 42nd & 10th Hotel, LLC v. N.Y. Hotel & Motel Trades Council*, 595 F. Supp. 3d 4, 11 (S.D.N.Y. 2022) (holding vacatur unwarranted where the Impartial Chairperson's interpretation was "colorable"); *RHC Operating LLC v. N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 21-cv-10349 (JGK), 2022 WL 1810305, at *5 (S.D.N.Y. June 2, 2022) ("[T]he IC has broad authority in crafting a remedy."). Therefore, I find no error or disputes of fact that would permit overturning the Award.

## CONCLUSION

For the aforementioned reasons, Petitioner's motion is granted with an award for pre-judgment interest. The Clerk of Court shall enter a judgment in favor of Petitioner confirming Award #2025-50, issued May 9, 2025, by Impartial Chairperson Aaron Shriftman in its entirety, awarding Petitioners $866,946.60 in the form of a bond at the OIC, payment of $134,089.99 to Hotel employees, and payment of $81,933.15 to Hotel employees as a 115% penalty for failure to timely pay wages the week of April 18, 2025, pursuant to the arbitration with pre-judgment interest to accrue at the rate of 9% per annum.

The Clerk of Court shall enter the Judgment accordingly and close the case.

SO ORDERED.

Dated:     April 30, 2026
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge